FILED
2020 Dec-17  AM 09:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: LINDA HAWKINS**

County: **01**   Case Number: **CV-2020-903905.00**   Court Action:

Style: **DIRESHIA COLLINS V. MUTUAL SAVINGS CREDIT UNION**

`Real Time`

## Case

### Case Information

| | | |
|---|---|---|
| County: **01-JEFFERSON - BIRMINGHAM** | Case Number: **CV-2020-903905.00** | Judge: **MJH:MARSHELL JACKSON HATCHER** |
| Style: **DIRESHIA COLLINS V. MUTUAL SAVINGS CREDIT UNION** | | |
| Filed: **11/16/2020** | Case Status: **ACTIVE** | Case Type: **CIVIL RIGHTS** |
| Trial Type: **BENCH** | Track: | Appellate Case: **0** |
| No of Plaintiffs: **1** | No of Defendants: **1** | |

### Damages

| | | |
|---|---|---|
| Damage Amt: **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | Compensatory Damages: **0.00** | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: **0** | Num of Liens: **0** | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: **:** | Disposition Type: |
| Revised Judgement Date: | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: **11/16/2020** | Updated By: **AJA** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - COLLINS DIRESHIA

#### Party Information

| | | |
|---|---|---|
| Party: **C001-Plaintiff** | Name: **COLLINS DIRESHIA** | Type: **I-INDIVIDUAL** |
| Index: **D MUTUAL SAVIN** | Alt Name: | Hardship: **No**   JID: **MJH** |
| Address 1: **712 32ND ST. SOUTH** | | Phone: **(205) 000-0000** |

| Address 2: | | | | | | |
|---|---|---|---|---|---|---|
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35233-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | MCC176 | | MCCANTS TERRELL EUGENE | TERRELL@BURRELLMCCANTS.COM | (205) 202-5599 |

## Party 2 - Defendant BUSINESS - MUTUAL SAVINGS CREDIT UNION

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **MUTUAL SAVINGS CREDIT UNION** | | Type: | **B-BUSINESS** |
| Index: | **C COLLINS DIRE** | Alt Name: | | Hardship: | **No** | JID: **MJH** |
| Address 1: | **2040 VALLEYDALE RD** | | | Phone: | **(205) 000-0000** | |
| Address 2: | | | | | | |
| City: | **HOOVER** | State: | **AL** | Zip: | **35244-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: **11/16/2020** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: **11/24/2020** | Return Type: **O-OTHER** | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|------------|-----------|----------|-------|-------|-----------|-------------|---------|-------------|---------------|
| ACTIVE | N | AOCC | C001 | 000 | $8.00 | $8.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $10.36 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV00 | C001 | 000 | $206.00 | $206.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $259.00 | $269.36 | -$10.36 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|------------------|-------------|---------------------|-------------------|----------------|--------|------------|----------|------------|-----------|--------|----------|----------|
| 11/17/2020 | CREDIT | CONV | 2021033 | 1439110 | $10.36 | C001 | 000 | | N | | | DOG |
| 11/17/2020 | RECEIPT | AOCC | 2021033 | 1439100 | $8.00 | C001 | 000 | | N | | | DOG |
| 11/17/2020 | RECEIPT | CV00 | 2021033 | 1439120 | $206.00 | C001 | 000 | | N | | | DOG |
| 11/17/2020 | RECEIPT | VADM | 2021033 | 1439130 | $45.00 | C001 | 000 | | N | | | DOG |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 11/16/2020 | 3:10 PM | ECOMP | COMPLAINT E-FILED. | MCC176 |
| 11/16/2020 | 3:14 PM | FILE | FILED THIS DATE: 11/16/2020          (AV01) | AJA |
| 11/16/2020 | 3:14 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 11/16/2020 | 3:14 PM | ASSJ | ASSIGNED TO JUDGE: MARSHELL JACKSON HATCHER (AV01) | AJA |
| 11/16/2020 | 3:14 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 11/16/2020 | 3:14 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED          (AV01) | AJA |
| 11/16/2020 | 3:14 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 11/16/2020 | 3:14 PM | EXPD | EXPEDITED STATUS DENIED          (AV01) | AJA |
| 11/16/2020 | 3:14 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 11/16/2020 | 3:14 PM | C001 | C001 PARTY ADDED: COLLINS DIRESHIA          (AV02) | AJA |
| 11/16/2020 | 3:14 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 11/16/2020 | 3:14 PM | C001 | LISTED AS ATTORNEY FOR C001: MCCANTS TERRELL EUGE | AJA |
| 11/16/2020 | 3:14 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 11/16/2020 | 3:14 PM | D001 | D001 PARTY ADDED: MUTUAL SAVINGS CREDIT UNION | AJA |
| 11/16/2020 | 3:14 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 11/16/2020 | 3:14 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 11/16/2020 | 3:14 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 11/16/2020 | 3:14 PM | D001 | CERTIFIED MAI ISSUED: 11/16/2020 TO D001   (AV02) | AJA |
| 11/18/2020 | 12:20 PM | ESCAN | SCAN - FILED 11/18/2020 - NOTICE | SHB |
| 11/24/2020 | 9:54 AM | D001 | RETURN OF OTHER ON 11/24/2020 FOR D001          (AV02) | SHB |
| 11/24/2020 | 9:57 AM | ESERC | SERVICE RETURN | SHB |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 11/16/2020 3:15:48 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 11/16/2020 3:15:48 PM | 2 | COMPLAINT | | 12 |
| 11/16/2020 3:17:03 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 11/16/2020 3:17:03 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 11/18/2020 12:20:12 PM | 5 | NOTICE | TO CLERK | 2 |
| 11/24/2020 9:57:12 AM | 7 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 11/24/2020 9:57:06 AM | 6 | SERVICE RETURN | SERVICE RETURN | 2 |

 *END OF THE REPORT*

ELECTRONICALLY FILED
11/16/2020 3:10 PM
01-CV-2020-903905.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01_____<br><br>Date of Filing:<br>11/16/2020 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### DIRESHIA COLLINS v. MUTUAL SAVINGS CREDIT UNION

**First Plaintiff:** ☐ Business ☑ Individual   **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other   ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☑ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING   A ☐ APPEAL FROM<br>DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO   **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

_____MCC176_____   _____11/16/2020 3:10:03 PM_____   _____/s/ TERRELL E. MCCANTS ESQ._____
Date   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO   ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

ELECTRONICALLY FILED
11/16/2020 3:10 PM
01-CV-2020-903905.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

### IN THE CIRCUIT COURT OF
### JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| DIRESHIA COLLINS | } | |
| Plaintiff. | } | |
| | } | |
| vs. | } | Case No.: |
| | } | |
| MUTUAL SAVINGS CREDIT UNION | } | |
| Defendants. | | |

COMPLAINT

I.      JURISDICTION AND VENUE


1. The jurisdiction of this court is invoked pursuant to Title VII of the Civil

Rights Act of 1964, as amended as well as the Americans with Disabilities Act, as

amended ("ADAAA"); 42 U.S.C. 12101, et seq.  The jurisdiction of this court is

invoked to secure protection for and to redress the deprivation of rights secured by

2000(e) and the ADAAA respectively, providing relief against discrimination

based on gender and disability. Plaintiff has initiated her EEOC charge and

received her "Notice of Right to Sue" letter pursuant to Title VII prior to the filing

of this complaint.


II. PARTIES

2.  Plaintiff, a former employee of Defendant, seeks declaratory and injunctive relief, compensatory damages, back pay, and front pay from Defendants arising from Defendants' violation of rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., amended by the Civil Rights Act of 1991 and Americans with Disabilities Act. Plaintiff is an African American female citizen of the United States and of the State of Alabama. She is a resident of this Judicial District and Division. Plaintiff is an employee of the Defendant within the meaning of Title VII of the Civil Rights Act of 1964 and the 1991 amendments thereto.

3.  Defendant Mutual Savings Credit Union is an employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto. Defendant is operating within this County, District, and Division.

III.  Facts

4.  On April 24, 2019, Collins began working at Mutual Savings Credit Union.

5.  Collins began working as a teller.

6.   Collins received a favorable performance evaluation from her branch manager, Takesha Coleman ("Coleman") as late as mid-August 2019.

7.   On September 4, 2019, Collins arrived for work and immediately told Coleman that she was not feeling well.

8.   Around lunch time, Collins began to experience chest pain and a tightening in her chest along with headache and chills.

9.   Collins also started to have difficulty moving and breathing.

10.   Collins went to Coleman again and told her of the symptoms she was experiencing and requested that she be allowed to go home for the remainder of the day.

11.   Coleman told her that she could not leave because there was only one other teller "on the front."

12.   Collins offered to stay until the last employee had gone to lunch but this request was rejected as well.

13.   Collins then went on her lunch break but did not eat.

14. She slept for her entire break for fear that she would vomit any food she tried to eat.

15.   Collins came back from lunch and her earlier symptoms had not subsided, so she asked to go home for a third time and the answer was still no.

16.   Coleman began to look at Collins with a look of disdain and disgust.

17.  A customer came in and noticed that Collins was visibly ill.

18.  She asked Collins why she would not go home.

19.  Collins said that she was not being allowed to go home.

20.  The customer then asked her if Coleman was stopping her from going home and she said yes.

21.  The customer asked to speak with Coleman and she finally relented and allowed Collins to leave after speaking with the customer.

22.  Collins went to her car still feeling the persistent symptoms.

23.  She also started to vomit profusely.

23.  She called her mother to come and pick her up from work as she could not drive.

24.  One of her co-workers whom was working the drive-thru saw her in the parking lot and she alerted Coleman and other co-workers.

25.  Coleman and two co-workers came to Collins's car.

26.  Coleman began asking Collins if she had "gotten drunk and been knocked up" insinuating that Coleman had become pregnant.

27.  She continued to assert her belief that Collins was pregnant.

28.  Coleman then asked Collins's mother to call and let her know if Collins would be available to work on the next day,

29.  Later that day, Collins's mother called Coleman and told her that the doctor had given Collins an excuse that instructed her not to return to work until Monday.

30.  Collins found out at her doctor's appointment that her blood pressure was extremely high which placed her at risk of stroke and/or heart attack.

31.  She was also informed that her iron was extremely low.

32.  Collins's mother called Coleman and relayed these diagnoses to her on September 4, 2019.

33.  Collins returned to work on Monday, September 9, 2019 and gave Coleman the work excuse from the doctor.

34.  Upon Collins's return to work, the assistant branch manager pressed her about whether she was pregnant and her medical diagnosis.

35.  The assistant manager continued to pry into Collins's medical diagnosis.

36.  She asked Collins what was wrong and Collins said that she had ha\d some personal/family issues over the weekend.

37.  Collins stated specifically that some of those family members made her want to punch them in the face.

38.  It was clear that the comments were simply Collins venting over family/personal events from the previous weekend and were not directed at anyone in the workplace.

39. On September 10, 2019, Collins was written up by Coleman for allegedly being rude to a customer and threatening to punch a co-worker.

40.  Collins refused to sign the write-up because the allegations were false.

41.  Collins asked Coleman if she would speak with the employee that she was alleged to have threatened.

42.  Coleman refused speak with the employee.

43.  Coleman brought in the assistant manager and another employee whom was not a party to the conversation instead.

44.  Collins actually spoke to the customer to which she was being accused of being rude.

45.  The customer stated that she had not been rude to him.

46.  Collins asked him for his contact information to give to Coleman for her to follow up.

47.  Coleman refused to follow up with the customer.

48.  Then, on September 11, 2019, Collins was called into Coleman's office and informed by Coleman that she was being terminated, allegedly, for refusing to sign the fraudulent write-up and insubordination.

49.  The supposed insubordination consisted of Collins stating that the assistant manager had not told the truth.

50. Collins was allegedly terminated for these offenses while much worse was done by employees with impunity.

51.  Coleman and Collins's other co-workers talked about having sex constantly on a daily basis.

52. Coleman even asked Collins how many sexual partners she had had.

53. After Coleman's persistent questioning on the subject, Collins admitted that she had only had one sexual partner.

54.  To which Coleman replied that Collins had not "lived" stating that Collins needed to "try out multiple dicks."

55.   Coleman and the co-workers often spoke about sexual positions and their sexual exploits.

56.   These conversations made Collins extremely uncomfortable.

57.   Collins also witnessed employees actually curse customers and none were disciplined or terminated.

IV. COUNT ONE: DISABILITY DISCRIMINATION

58.  Collins hereby repeats and realleges each and every allegation in paragraphs 1 through 57, inclusive, as if fully set forth herein.

59.  Mutual Savings did discriminate against and terminate Collins based on perceived and actual disabilities.

60. Mutual Savings became aware of Collins's diagnoses of high blood pressure and anemia on or about September 5, 2019.

61.  After this revelation, Mutual Savings terminated her less than one week later for offenses that it was clear she had not committed.

62. Collins had just received a positive performance evaluation the month before and was not made aware of any problems or issues.

63. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Americans with Disabilities Act, as amended, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

64. Defendant's unlawful and discriminatory conduct in violation of the Americans with Disabilities Act was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

V. COUNT TWO: PREGNANCY DISCRIMINATION

65.  Collins hereby repeats and realleges each and every allegation in paragraphs 1 through 64, inclusive, as if fully set forth herein.

66. Agents of Mutual Savings made known their belief that Collins was pregnant on September 4, 2019 and later.

67. Collins was terminated about a week later for offenses she did not commit.

68. Management for Mutual Savings knew that she had not committed these offenses.

69. Not only did Collins not commit the alleged offenses, there were many other employees whom committed much worse offenses and were neither disciplined nor terminated.

70. Collins was terminated, at least in part, because of Mutual Savings agents' belief that she was pregnant.

71. In other words, a motivating factor in the decision to terminate Collins was pregnancy.

72. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the Pregnancy Discrimination Act, as amended, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

73. Defendant's unlawful and discriminatory conduct in violation of the Pregnancy Discrimination Act was outrageous and malicious, was intended to injure Plaintiff,

and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff

to an award of punitive damages.

## VI. COUNT THREE: HOSTILE WORK ENVIRONMENT

74.  Collins hereby repeats and realleges each and every allegation in paragraphs 1

through 73, inclusive, as if fully set forth herein.

75.  Collins experienced and endured a constant and daily barrage of explicit sexual

language and taunting about her sexual experiences.

76.  This constant and persistent indiscretion served to alter the terms and conditions

of the workplace in a deleterious manner.

77.  Collins's supervisor, Coleman was the main actor in creating and condoning the

hostile work environment in which Collins had to work.

78.   Coleman then terminated Collins.

79.   The termination represented a tangible employment action.

80.  As a direct and proximate result of Defendant's unlawful and

discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, as

amended, Plaintiff has suffered and continue to suffer severe mental anguish and

emotional distress, including but not limited to depression, humiliation,

embarrassment, stress and anxiety, loss of self-esteem and self-confidence,

emotional pain and suffering, for which she is entitled to an award

of monetary damages and other relief.

81. Defendant's unlawful and discriminatory conduct in violation of the Civil Rights Act of 1964, as amended, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

1.   Grant Plaintiff an order requiring Defendant to make Plaintiff whole by granting appropriate declaratory relief, lost wages, compensatory and punitive damages; and

2.   Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert therewith from continuing to violate the civil rights laws.

3.   Plaintiff prays for attorney fees and such other and further, different or additional relief as justice may require.

/s/ Terrell E. McCants

_____

Terrell E. McCants (MCC176)

Burrell & McCants, LLC

712 32nd St. S.

Birmingham, Al 35233 (205) 202-5599

e-mail: terrell@burrellmccants.com



AlaFile E-Notice

01-CV-2020-903905.00

To:  TERRELL E. MCCANTS ESQ.
     terrell@burrellmccants.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DIRESHIA COLLINS V. MUTUAL SAVINGS CREDIT UNION
01-CV-2020-903905.00

The following complaint was FILED on 11/16/2020 3:15:48 PM

Notice Date:     11/16/2020 3:15:48 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2020-903905.00

To:  MUTUAL SAVINGS CREDIT UNION
     2040 VALLEYDALE RD
     HOOVER, AL, 35244

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DIRESHIA COLLINS V. MUTUAL SAVINGS CREDIT UNION
01-CV-2020-903905.00

The following complaint was FILED on 11/16/2020 3:15:48 PM

Notice Date:     11/16/2020 3:15:48 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2020-903905.00

To:  TERRELL E. MCCANTS ESQ.
     terrell@burrellmccants.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DIRESHIA COLLINS V. MUTUAL SAVINGS CREDIT UNION
01-CV-2020-903905.00

The following complaint was FILED on 11/16/2020 3:15:48 PM

Notice Date:     11/16/2020 3:15:48 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2020-903905.00

To: MUTUAL SAVINGS CREDIT UNION
2040 VALLEYDALE RD
HOOVER, AL, 35244

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DIRESHIA COLLINS V. MUTUAL SAVINGS CREDIT UNION
01-CV-2020-903905.00

The following complaint was FILED on 11/16/2020 3:15:48 PM

Notice Date:      11/16/2020 3:15:48 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2020-903905.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### DIRESHIA COLLINS V. MUTUAL SAVINGS CREDIT UNION

**NOTICE TO:** MUTUAL SAVINGS CREDIT UNION, 2040 VALLEYDALE RD, HOOVER, AL 35244

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), TERRELL E. MCCANTS ESQ.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 121 Edenton Street, Birmingham, AL 35242

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DIRESHIA COLLINS pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/16/2020 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ TERRELL E. MCCANTS ESQ.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in _____ County,

*(Name of Person Served)*   *(Name of County)*

Alabama on

*(Date)*

*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

*(Server's Printed Name)*   *(Phone Number of Server)*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
DIRESHIA COLLINS V. MUTUAL SAVINGS CREDIT UNION

01-CV-2020-903905.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $8.00

Parties to be served by Certified Mail - Return Receipt Requested

MUTUAL SAVINGS CREDIT UNION                          Postage: $8.00
2040 VALLEYDALE RD
HOOVER, AL 35244

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MUTUAL SAVINGS CREDIT UNION

2040 VALLEYDALE RD

HOOVER, AL 35244

9590 9402 5899 0049 6101 53

2. Article Number (Transfer from service label)

7020 0640 0001 1593 5261

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

S/C

CV. 20. 903905

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

---

7020 0640 0001 1593 5261

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required   $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   MUTUAL SAVINGS CREDIT UNION
   2040 VALLEYDALE RD
   HOOVER, AL 35244

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                        ☐ Address

B. Received by *(Printed Name)*   C. Date of Delive

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

*SYC*

*CV. 21. 903905*



9590 9402 5899 0049 6101 53

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7020 0640 0001 1593 5261

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt



## USPS TRACKING #



9590 9402 5899 0049 6101 53

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
NOV 24 2020
JACQUELINE ANDERSON SMITH
CLERK



AlaFile E-Notice

01-CV-2020-903905.00

Judge: MARSHELL JACKSON HATCHER

To:  MCCANTS TERRELL EUGENE
     terrell@burrellmccants.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DIRESHIA COLLINS V. MUTUAL SAVINGS CREDIT UNION
01-CV-2020-903905.00

The following matter was not served on 11/24/2020

D001 MUTUAL SAVINGS CREDIT UNION

Corresponding To

OTHER

NO SIGNATURE

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov